**Percy L. GOOD, Plaintiff-Appellant,**

v.

**Bill ALLAIN, Morris Thigpen, Donald Cabana, and the State of Mississippi, Defendants-Appellees.**

No. 86–4903
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 23, 1987.

Percy L. Good, pro se.

Edwin Lloyd Pittman, Atty. Gen., Harold H. Brittain, Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.

Before CLARK, Chief Judge, GARWOOD, and HILL, Circuit Judges.

PER CURIAM:

Pro se plaintiff, Percy Good ("Good"), appeals the district court's dismissal of his claim under 42 U.S.C. § 1983 against the Governor of Mississippi, Bill Allain, the Commissioner for the Mississippi Department of Corrections, Morris L. Thigpen, and the Superintendent of the Mississippi State Penitentiary, Donald Cabana, 646 F.Supp. 1029. We affirm the district court's judgment dismissing the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), but modify that portion of the judgment dismissing with prejudice and order the dismissal be without prejudice.

## I. *Background*

On January 29, 1985 Good was indicted in Minnesota for murder. He fled to Mississippi and was subsequently sentenced there for another crime and confined to the

Mississippi State Penitentiary. The Governors of Mississippi and Minnesota entered into an executive agreement providing for Good's extradition to Minnesota. The agreement stated that Good had been charged with murder in Minnesota but had fled that state prior to trial, that he was imprisoned in Mississippi and would not be released for a long period of time, and that the authorities in Minnesota wanted to try Good as soon as possible. Pursuant to the executive agreement, Good was turned over to the Minnesota authorities. He was tried and convicted of murder and was then returned to the Mississippi State Penitentiary to complete his sentence there.

Good then brought this pro se complaint under 42 U.S.C. § 1983, alleging that the executive agreement was "authorized without legal authority" and that he was returned to Mississippi without the opportunity of a hearing. The defendants moved for summary judgment or in the alternative for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court granted the motion to dismiss and ordered the case dismissed with prejudice.

## II. *Appointment of Counsel*

■■■■ Good argues that his request for appointment of counsel should have been granted. The magistrate denied Good's request on the grounds that Good had not submitted evidence of any efforts to retain counsel and the case was simple, presenting no exceptional circumstances. Good did not ask the district court to review the magistrate's order. A magistrate's order is not ordinarily appealable to this court. *Trufant v. Autocon, Inc.,* 729 F.2d 308, 309 (5th Cir.1984). In any case, it was not an abuse of discretion to deny the appointment of counsel because there is no indication of the kind of exceptional circumstances, such as complex issues or conflicting testimony, that make the appointment of counsel necessary in civil rights cases. *Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir.1982).

## III. *Assignment of Magistrate*

■■■■ Good argues the district court should have assigned a magistrate to the case so that Good would have had the opportunity to amend his complaint, and that the failure to do so was a violation of his constitutional right to equal protection. There is no constitutional right to have a magistrate appointed and there is no indication that the failure to appoint one in this case was an abuse of the district court's discretion or in any way an infringement of Good's right to equal protection. The case Good cites to support his argument, *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982), discusses a different issue. In *Nettles* we held a party could not obtain de novo review of issues decided by a magistrate if the party had not filed objections to the magistrate's report.

## IV. *Failure to State a Claim*

Good's complaint asserted that legal authority was lacking for the executive agreement and that he was denied a hearing prior to his return to Mississippi. As the district court stated in its opinion:

> Interstate extradition of a fugitive is a matter of federal law originating from the United States Constitution.

> A person charged in any State with Treason, Felony or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. Const.art. IV, § 2, cl. 2.

> Congress has enacted a general extradition law to effectuate this constitutional provision and to prescribe the procedure to be followed by officials of the demanding and asylum states.

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or

Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C. § 3182 (1985). Any other procedures for extradition are a matter of state law, and Mississippi has enacted *Miss. Code Ann.* §§ 99–21–1 to –11 (1972), outlining other procedures for arresting fugitives from other states. Although the state procedures are addressed to "conservators of the peace," nevertheless, Section 99–21–9 does provide that "any such person [fugitive] may at any time be taken into custody by any person authorized by the governor of this state. . . ."

In the present case the Governor of Minnesota sent a copy of a murder indictment, which he certified as authentic, along with a requisition to the Governor of Mississippi. . . . The [executive] agreement specifically made a demand on the executive authority of Mississippi to deliver Percy L. Good for his return to Minnesota so that Good could be tried under the indictment for a felony in Minnesota. The Governor of Mississippi duly authorized the Superintendent of the Mississippi State Penitentiary to cause Good to be arrested and secured and authorized him to deliver Good to agents of the State of Minnesota. The agents took him less than 30 days from the time of the arrest on the indictment from Minnesota as provided by the statute.

 Clearly the Mississippi officials had legal authority for the extradition and complied with the statutory procedures. Although there is a federal right to challenge extradition, and denial of that right can be the basis of a claim under 42 U.S.C. § 1983, *Grumley v. Snead,* 620 F.2d 481, 483 (5th Cir.1980), challenges to extradition must be made by petition for a writ of habeas corpus where the permissible scope of the challenge is very narrow. Once the governor has granted extradition, the court reviewing a habeas petition can only decide: 1) whether the extradition documents on their face are in order; 2) whether the petitioner was charged with a crime in the demanding state; 3) whether the petitioner is the person named in the request for extradition; and 4) whether the petitioner is a fugitive. *Id.* at 483 n. 8.

 Good did not seek habeas corpus relief barring his removal from Mississippi. It appears from the record before us that such a petition would not have been successful. If he had been denied the opportunity to challenge his removal from Mississippi, he might have a viable § 1983 claim. As it stands, however, his complaint challenges the lack of a hearing before his *return* from Minnesota to Mississippi. Since Good had already been convicted and sentenced in Mississippi and makes no challenge to that condition, no constitutional right would be infringed by his return. His complaint did not identify such an infringement. Good's current complaint fails to state a claim upon which relief can be granted. The district court properly so found.

## V. *Dismissal Without Prejudice*

 When a dismissal of a pro se complaint is warranted, it should generally be without prejudice in order to afford the plaintiff the opportunity to file an amended complaint. *Moawad v. Childs,* 673 F.2d 850, 851 (5th Cir.1982). Although we perceive no viable claim Good could include in an amended complaint, *Moawad* requires that we modify the district court's judgment and dismiss the case without prejudice.

## Conclusion

We affirm the dismissal of Good's complaint, but modify the judgment appealed from to provide that the dismissal is without prejudice.

AFFIRMED as MODIFIED.