**Joseph BRADLEY**

v.

**EXTRADITION CORPORATION OF AMERICA, et al.**

**Civ. A. No. 90–1239.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

March 18, 1991.

Joseph Bradley, Winnfield, La., pro se.

Arthur E. Stallworth, Louisiana Dept. of Justice, Baton Rouge, La., Edwin L. Blewer, Jr., Cook, Yancey, King & Galloway, Shreveport, La., for defendants Extradition Corp. of America, Jerry Brogdon, Sheriff of Berrien County, Ga., La. Parole Bd., Bruce N. Lynn, and James D. Holt, Sheriff of Martin County.

## RULING

LITTLE, District Judge.

Plaintiff, presently immured under the authority of the Louisiana Department of Corrections, brings this civil rights action against the named defendants asserting

generally that the defendants violated his constitutional rights by obtaining or facilitating both his arrest in Florida and subsequent extradition to Louisiana. 42 U.S.C. § 1983. Among others, plaintiff brought this action against James D. Holt, individually and as Sheriff of Martin County, Florida. Holt now moves to dismiss the action for failure to state a claim upon which relief may be granted or in the alternative for summary judgment. Fed.R.Civ.P. 12(b)(6), 56.

The record indicates that the Louisiana Parole Board granted parole to plaintiff, who was incarcerated in the Louisiana Department of Corrections, and that he was released 30 July 1987. One of the conditions upon which the Board granted parole, to which plaintiff signed an agreement to abide, was that plaintiff would "remain within the limits fixed by the Certificate of Parole. If I have good cause to leave these limits, I will obtain written permission from the Parole Specialist and the approval of the Division of Probation and Parole before doing so." The certificate noted that plaintiff must remain within the limits of the Baton Rouge Parole District until 26 January 1989. Plaintiff further agreed to "waive extradition to the state of Louisiana from any jurisdiction in or outside the United States where I may be found and also agree that I will not contest any effort by any jurisdiction to return me to the state of Louisiana."

Subsequently, plaintiff traveled to Martin County, Florida, where he was arrested on a charge of disorderly intoxication. The County Court of Martin County issued a bench warrant on 29 June 1988 for plaintiff's failure to appear at trial after his intoxication charge and a second bench warrant 5 August 1988 for violating the terms of a probation order. On 9 January 1989, the Louisiana Parole Board issued a parole violation warrant for the arrest of plaintiff. On 6 December 1989, plaintiff voluntarily surrendered to the Martin County Sheriff's Department on the two outstanding Florida warrants. Officers of the Department then executed the two warrants by arresting plaintiff. After making further checks, the Martin County Sheriff's Department learned of the outstanding Louisiana warrant, and executed the warrant by arresting him as a fugitive on 7 December 1989.

The same day, plaintiff was brought before the Nineteenth Judicial Circuit Court for Martin County where the presiding judge found that plaintiff "is the person charged with having committed the crime alleged and that he has fled from justice and he has refused to sign a Waiver of Extradition." The court ordered him committed to the custody of defendant Holt for his confinement in the Martin County Jail for a period not exceeding 30 days "to enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the executive authority of the State having jurisdiction of the offense....", i.e. until an order of extradition could be obtained.

On the 30th day of his confinement, plaintiff signed a "Waiver of Extradition." The document reflects that plaintiff was advised of his rights under the laws of the State of Florida to demand a warrant of extradition, as well as his constitutional right to contest extradition by means of petitioning for a writ of habeas corpus. It further reflected that plaintiff was charged with violating the terms of his Louisiana parole. Finally, it stated:

> I do hereby and without reservation, and in view of my legal rights in extradition proceedings as heretofore explained to me before this Honorable Court, waive any and all such legal rights and do further by my signature hereto affixed, consent to this waiver of extradition and further consent to be returned to the State of Louisiana there to stand trial on the charges alleged.

Plaintiff signed this document and the presiding judge attested to the authenticity of his signature. The sheriff's department then delivered plaintiff to the custody of two employees of the Extradition Corporation of America for his return to Louisi-

ana.[1]

Plaintiff asserts that Holt violated his constitutional rights to due process of law in two ways. First, he alleges that he was arrested in Florida without being shown an arrest warrant for violation of parole or a warrant for his arrest as a fugitive. Second, he alleges that Holt delivered custody of plaintiff to employees of the Extradition Corporation without showing him a "Warrant of Authority." Plaintiff does not contest the validity of the warrants. Plaintiff asserts only that Holt violated his rights by failing to show the warrants to him before or contemporaneously with his arrest and extradition.

■ Defendant argues first that an arrest based on a facially valid arrest warrant does not deprive a person of his constitutional rights. An arrestee need not be presented with a copy of the arrest warrant. *United States v. Buckner,* 717 F.2d 297, 299, 301 (6th Cir.1983); *United States v. Turcotte,* 558 F.2d 893, 896 (8th Cir. 1977); *Gill v. United States,* 421 F.2d 1353, 1355 (5th Cir.1970). The Supreme Court has held that the Constitution does not proscribe arrests of even innocent people pursuant to arrest warrants that appear on their face to conform to fourth amendment standards. *Baker v. McCollan,* 443 U.S. 137, 146–47, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979).

■ The court notes also that the officers were empowered to arrest plaintiff even if no warrant existed, as long as they had probable cause to believe that he had committed the crimes for which they arrested him. *Gerstein v. Pugh,* 420 U.S. 103, 111, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975). Here, the officers learned from plaintiff himself that he committed the two Florida crimes (contempt and probation violation). They were informed by a teletype message from the Louisiana Department of Public Safety and Corrections that plaintiff was wanted on a charge of parole violation. Indeed, the arresting officer (for the Louisiana warrant arrest) affirmed under oath that the arrest was made on probable cause based on notice of a Louisiana warrant. If the officers did not need a warrant because they otherwise had probable cause to arrest plaintiff, it could not have been illegal to fail to show plaintiff the valid warrants before they arrested him.

■ The court is unaware of any other constitutional provision that would obligate law enforcement officials to display proof of their authority to arrest an individual to that individual. The sixth amendment right to be informed of the nature and cause of the accusation against an accused does not mandate that the accused be shown an arrest warrant. It provides only that once the state has instituted prosecution against the arrestee, it must inform him of the charge. Thus, the arrestee need not be told of even the reason for the arrest until that time. *Kladis v. Brezek,* 823 F.2d 1014, 1018 (7th Cir.1987). Further, the fourth amendment right to be free from unreasonable seizures does not mandate disclosing the arrest warrant. It requires that the arresting officers have probable cause to arrest.[2] *Tennessee v. Garner,* 471 U.S. 1, 7, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985). It may well be that Florida law prohibits arrests in such manner. Of course, federal relief would be unavailable even if such were the case. Plaintiff's illegal arrest claim presents no ground for relief.

Plaintiff's second contention is similar to his first contention. He argues that Holt and those under his control violated his constitutional rights by failing to present a "warrant of authority." By this phrase, the court presumes that plaintiff means Holt failed to present him with a document attesting to Holt's legal authority to extra-

---

1. Plaintiff alleges that the Extradition Corporation violated his constitutional rights while he was in their custody. He further alleges that the Louisiana Parole Board and Louisiana Department of Corrections violated his rights. These allegations are immaterial to the disposition of the present matter.

2. The fourth amendment speaks to the amount of force that police may use to accomplish the arrest as well, *Garner,* 471 U.S. at 8–13, 105 S.Ct. at 1699–1702, but it does not speak to any other formalities that must be observed to validate an arrest.

dite plaintiff to Louisiana. As was the case with his contention of illegal arrest, plaintiff does not allege that Holt acted without power by extraditing him, nor does he allege that the Louisiana request for extradition was invalid.

States have a constitutionally-imposed duty to extradite those who "flee from Justice" from another state. Art. IV, § 2, Cl. 2. The duty is made effective by a contemporaneously enacted act of Congress. 18 U.S.C. § 3182. It provides that whenever the executive authority of any state makes a demand on another state for extradition of any fugitive from justice and produces a copy of an indictment or affidavit made before a magistrate that the person demanded is charged with a crime, the executive authority of the state to which the demand is directed (the "asylum state") "shall" arrest and detain the person, notify the state demanding extradition (the "extradition state"), and deliver him to the agent of that state upon his arrival. 18 U.S.C. § 3182. The duties incumbent upon the asylum state outlined above are mandatory; the executive authority possesses no discretion in the matter. *Puerto Rico v. Branstad*, 483 U.S. 219, 226, 107 S.Ct. 2802, 2807, 97 L.Ed.2d 187 (1987). The fugitive is not entitled to any sort of adversarial hearing to challenge the validity of the extradition demand in the asylum state's courts; as long as the executive authority of the asylum state determines that the demand for extradition is based on or accompanied by an indictment or affidavit charging a crime in the extradition state against the fugitive, the asylum state may not inquire into the validity of the crimes alleged against the fugitive. *California v. Superior Court of California*, 482 U.S. 400, 407–08, 107 S.Ct. 2433, 2438–39, 96 L.Ed.2d 332 (1987).

A fugitive may challenge an impending extradition by application for writ of habeas corpus. *Roberts v. Reilly*, 116 U.S. 80, 94, 6 S.Ct. 291, 293, 29 L.Ed. 544 (1885). The relief available in a habeas action brought in the asylum state is limited, however, to a determination of whether the requisite elements for extradition set forth in the Extradition Act have been satisfied. *Superior Court*, 482 U.S. at 408, 107 S.Ct. at 2438; *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). In addition to habeas relief, a fugitive may bring a civil rights action under 42 U.S.C. § 1983 against the proper state officials to remedy alleged unconstitutional departures from the appropriate extradition process. *Good v. Allain*, 823 F.2d 64, 67 (5th Cir.1987); *Crumley v. Snead*, 620 F.2d 481, 483 (5th Cir.1980).

Where the fugitive knowingly waives any rights he may have that are inherent in the extradition process, he may not recover under section 1983 where those rights are deprived. *Crumley*, 620 F.2d at 483; *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir.1978). The rationale for this rule is that the extradition is based on the waiver, rather than the formal extradition process. *Crumley*, 620 F.2d at 483. Here, plaintiff signed a waiver after a judicial proceeding of any extradition rights he may have possessed. His signed affidavit in the record of this action states that he signed the Florida waiver of extradition so that he could return to Louisiana and challenge the parole violation charge. All evidence in the record indicates that the waiver was voluntarily signed and that plaintiff had ample knowledge of the effect of waiving any extradition rights. Moreover, he waived any extradition rights as a condition of his parole. Thus, plaintiff's extradition argument fails.

The court GRANTS James Holt's motion for summary judgment and DISMISSES plaintiff's claims against him with prejudice.[3]

---

3. The court is cognizant of the rule established in *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir.1982), that a pro se complaint generally should not be dismissed with prejudice. The

rule, however, applies only to dismissals for
failure to state a claim. *See e.g. Good,* 823 F.2d
at 67. Here, the dismissal is pursuant to a
rendition of summary judgment on the merits.
No amount of more artful pleading could
change the nature of plaintiff's claims on the
merits.