United States Court of Appeals,

Fifth Circuit.

No. 95-40212

Summary Calendar.

Jose and Hortencia RODRIGUEZ, Husband and Wife, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

Oct. 10, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:

PROCEEDINGS BELOW

Jose Rodriguez and his wife, Hortencia Rodriguez ("Plaintiffs"), proceeding *pro se,* filed suit in the 197th District Court of Cameron County, Brownsville, Texas. Their state-court petition sought injunctive relief to prevent the United States Marshals Service from evicting Hortencia Rodriguez from the property at 895 Elizabeth Street, San Benito, Texas following forfeiture of that property to the Government pursuant to 21 U.S.C. § 881(a)(6) and (7).

The Government removed the matter to federal court. The Government then moved to dismiss, or alternatively, for summary judgment, on March 10, 1994. At the initial pretrial conference held on April 13, 1994, Hortencia Rodriguez appeared and stated that she had just found an attorney willing to take her case. She

1

was allowed 30 days to respond to the Government's motion to dismiss. On June 3, 1994, the Government moved for a ruling on its motion to dismiss. Approximately eight months later, on January 31, 1995, the district court granted the Government's motion and dismissed the complaint with prejudice. The Plaintiffs filed no response to the Government's motion to dismiss or any other pleadings between June 3, 1994, and January 31, 1995.

## DISCUSSION

This court conducts a *de novo* review of a district court's dismissal on the pleadings. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992) (citing *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d 275 (5th Cir.1990)). A claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief. *Benton v. United States,* 960 F.2d 19, 20 (5th Cir.1992) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

In their appellate brief, Plaintiffs contend that the district court erred in dismissing their complaint:

> [Plaintiffs] have alleged that the defendant United States of America through the U.S. Marshall [sic] Service, violated their constitutional rights as secured by the U.S. Constitution, Fourth and Fifth Amendments thereto. Furthermore, the appellants contended a deprivation of procedural due process rights and challenged the manner and method of the taking of certain property by way of civil forfeiture.

A liberal reading of Plaintiffs' complaint indicates that they sought injunctive relief.

## INJUNCTIVE RELIEF

2

A party must establish the existence of four requirements before a court can grant preliminary injunctive relief: (1) a substantial likelihood that a plaintiff will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir.1985) (citing *Canal Authority of Florida v. Callaway,* 489 F.2d 567 (5th Cir.1974)).

A review of the record indicates that the likelihood that Plaintiffs would have prevailed on the merits of this case is non-existent. The process afforded to the plaintiffs prior to the forfeiture of the property in question was as follows.

On November 20, 1990, Hortencia Rodriguez signed an Occupancy Agreement permitting her to remain at 895 Elizabeth Street, San Benito, Texas, and which allowed her "to occupy said residence ... until disposition of the property is determined by appropriate administrative or judicial process."

On May 27, 1991, a jury in an *in rem* civil forfeiture action returned a verdict finding that the property in question had been used to facilitate the commission of a controlled-substance offense and that Hortencia Rodriguez "had knowledge and consented to the use of the residence" for such purposes. Judgment and a final order of forfeiture were entered by the district court on July 18, 1991.

On August 12, 1992, this court affirmed the civil-forfeiture judgment. Subsequently, the U.S. Marshal Service notified Hortencia Rodriguez, in writing, that the judicial proceedings concerning the property were resolved and gave her a 90-day notice to vacate.

"Unless exigent circumstances are present, the Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture." *United States v. James Daniel Good Real Property,* --- U.S. ----, ----, 114 S.Ct. 492, 505, 126 L.Ed.2d 490 (1993). In light of the process afforded to the Plaintiffs, there is little likelihood, much less a substantial likelihood, that they would have prevailed on the merits of this case. Consequently, we need not consider the remaining requirements for obtaining injunctive relief. The district court's dismissal was proper under Fed.R.Civ.P. 12(b)(6).

### OPPORTUNITY TO AMEND

Plaintiffs also contend that they should have been allowed an opportunity to amend their complaint. The record indicates that Plaintiffs were invited to respond to the Government's motion to dismiss. Thirty days passed with no response. The Government then filed a motion asking the court to deem the dismissal unopposed because no opposition was ever filed. After the passage of three hundred and twenty-seven days with no response, Plaintiffs gave the district court no choice but to proceed with its consideration of the Government's motion. Plaintiffs' assertion that they should

4

have been allowed an opportunity to amend is meritless.

## DISMISSAL WITH PREJUDICE

When the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint. *Good v. Allain,* 823 F.2d 64, 67 (5th Cir.1987) (citing *Moawad v. Childs,* 673 F.2d 850, 851 (5th Cir.1982)). However, the instant case presents us with a situation where Plaintiffs were given ample opportunity to amend their complaint, but they chose not to do so. When a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice. *See George v. King,* 837 F.2d 705, 708 n. 2 (5th Cir.1988) (affirming dismissal with prejudice after lengthy pendency of plaintiff's *pro se* suit after plaintiff's full opportunity to state and restate claims).

## CONCLUSION

For the reasons given above, the district court's dismissal of Plaintiffs' complaint is

AFFIRMED.

5