**Johnnie ALEXANDER, et al.**

v.

**CITY OF PEARLAND.**

**Civil Action No. G–96–649.**

United States District Court, S.D. Texas, Galveston Division.

Nov. 25, 1996.

Delia M. Stephens, Houston, TX, for plaintiffs.

## ORDER

KENT, District Judge.

Plaintiffs instituted this action pursuant to sections 2 and 5 of the Voting Rights Act, 42 U.S.C. §§ 1973 & 1973c, the Fifth and Fourteenth Amendments to the United States Constitution, and various state law provisions. Plaintiffs allege that the City of Pearland's proposed annexation of a 321–acre strip of land along State Highway 35 would constitute a taking of private property without just compensation and would dilute the voting strength of Pearland's minority voters by adding a block of white voters. Plaintiffs requested a temporary restraining order and a preliminary injunction to enjoin the City of Pearland from taking its second and final vote regarding the annexation. A hearing was held this day for the purpose of determining whether such vote should be enjoined. For the reasons set forth below, the Court **DENIES** Plaintiffs' request for injunctive relief, through either a temporary restraining order or a preliminary injunction.

A party seeking a temporary restraining order must demonstrate that immediate and irreparable injury, loss, or damage will occur if injunctive relief is not ordered. Fed. R.Civ.P. 65(b). A party seeking preliminary injunctive relief has a heavier burden and must establish: (1) a substantial likelihood that a plaintiff will prevail on the merits, (2)

a substantial threat that irreparable injury will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Central to both of these standards is the demonstration of irreparable harm. The Court finds that Plaintiffs have failed to meet their burden of showing irreparable harm.

Plaintiffs claim violations of their due process and property rights under the Fifth and Fourteenth Amendments of the United States Constitution. As to their property rights claims, the Court finds that Plaintiffs utterly failed to show irreparable harm if the vote on annexation was not enjoined. Plaintiffs expressed legitimate, serious concerns about the impact of the proposed annexation on their lifestyles, but their showing did not rise to the high level required by the four prong test for issuing a preliminary injunction. All the harm alleged by Plaintiffs is utterly anticipatory, and none of it may come to pass. The Court finds evidence of this kind of purely anticipatory harm to be insufficient to establish a showing of irreparable harm. The Court further finds that the City's actions in annexing this area were not arbitrary and capricious and were not motivated by illegitimate and unconstitutional concerns. Instead, the City's actions are motivated by the growing needs of the City. As for Plaintiffs' due process claims, it appears that the City has complied with applicable provisions of state law in undertaking this annexation. Therefore, the Court finds it premature and factually unjustified to intervene at this point and grant a temporary restraining order or preliminary injunction on the grounds that Plaintiff's property and due process rights have been violated.

■ Plaintiffs also assert claims under section 5 of the Voting Rights Act, alleging that the City has failed to obtain the required preclearance for the annexation. Section 5 provides that whenever a State or subdivision makes a change in voting practices, procedures, or standards, the State or subdivision may institute a declaratory judgment action in the District Court for the District of Columbia that the change does not have the purpose or effect of abridging the right to vote on account of race or color. 42 U.S.C. § 1973c. Until such judgment is entered, no person is to be denied the right to vote for failure to comply with the standard or procedure. *Id.* Section 5 provides an alternative to this declaratory judgment practice by allowing the State or subdivision to submit the standard, practice, or procedure to the Attorney General for preclearance, who may either object or not object to the practice or procedure.

Plaintiffs here allege that the City has failed to obtain the required preclearance from the Attorney General and requests that the annexation process be enjoined until such preclearance is obtained. The City, however, cannot, by law, obtain preclearance until they have a final annexation plan. The Department of Justice regulations governing preclearance by submission to the Attorney General state that "[c]hanges affecting voting should be submitted as soon as possible after they become *final.*" 28 C.F.R. § 51.21 (1996) (emphasis added). Moreover, the Attorney General will not consider on the merits "[a]ny proposal for a change affecting voting submitted prior to final enactment or administrative decision." *Id.* § 51.22. Thus the law is clear that the City cannot seek preclearance until there is a final annexation plan. As stated earlier, the City has not yet passed a final annexation plan. The City has done nothing wrong that requires an injunction.

The City has acknowledged on the record that it is obligated to seek section 5 preclearance for the annexation once it becomes final and has stated that it plans to promptly do so. For these reasons, the Court is unpersuaded that there is a justiciable issue under section 5 in this case. The Court finds it premature and unnecessary at this point to constitute a three-judge panel as required for section 5 cases because there is no section 5 issue for such a panel to decide.

Plaintiffs also allege that the proposed annexation violates section 2 of the Voting Rights Act, which provides that "[n]o voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed

or applied by any State or political subdivision in a manner which results in the denial or abridgment of the right of any citizen of the United States to vote on account of race or color...." 42 U.S.C. § 1973. Plaintiffs allege that the annexation will dilute the strength of the minority voters of Pearland by bringing in a block of white voters, which the Court notes consists of twenty-five Anglo registered voters. The Court has very real apprehensions about *these* Plaintiffs' standing to assert a claim under section 2 because they do not have minority status and cannot vicariously assert the rights of minority voters. *See Dutmer v. City of San Antonio*, 937 F.Supp. 587, 590–91 (W.D.Tex.1996) (setting out a six-part test for determining the standing of a nonminority to assert the rights of minorities under the Voting Rights Act). Moreover, the Court has concerns about the true dilutive effect that the addition of twenty-five Anglo voters will have on a city of 18,000 at the last census, eighty-six percent of which being Anglo. Any dilution would appear to be de minimis, and the Court is not sure that this issue is justiciable at this time. To ameliorate these concerns, the Court invites dispositive motions on these issues and all issues remaining in the case. Dispositive motions shall be due December 20, 1996, with Responses due January 3, 1996. No replies to responses are permitted or required. The Court **ORDERS** Defendant's counsel to notify the Court's case manager as soon as all such pleadings are properly before the Court. The Court will rule thereupon, as quickly as possible.

For the reasons set forth above, the Court **DENIES** Plaintiffs' request for a temporary restraining order or a preliminary injunction under Rule 65. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on the precise matters ruled upon herein by the Court, including motions to reconsider or the like. Instead, the parties are instructed to proceed with submission of the foregoing pleadings and to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**