United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11458
Summary Calendar

_____

MACKIEL BILLINGSLEY,

Plaintiff-Appellant,

versus

WILHELMENIA S. HOWARD, in her individual and official capacities
as Senior Warden of Price Daniel Unit; JOSEPH B. KELLEY, in his
individual and official capacities as Laundry Captain of Price
Daniel Unit; THOMAS L. DRIVER, in his individual and official
capacity as Laundry Manager III of the Price Daniel Unit; MARTHA
E. GOOLSBY, in her individual capacity as Laundry Manager III of
the Price Daniel Unit; DON A. JENKINS, in his individual capacity
as Laundry Manager III of the Price Daniel Unit; STEPHEN J.
MCILROY, in his individual capacity as the Investigator II; IRENE
CANALES, in her individual and official capacities as the Health
Administrator of the Price Daniel Unit; COGDELL MEMORIAL
HOSPITAL; TEXAS TECH MEDICAL BRANCH,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-196
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Mackiel Billingsley, Texas Inmate # 1261048, appeals the

dismissal as frivolous of his in forma pauperis (IFP)

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

42 U.S.C.§ 1983 complaint. He also appeals the denials of his motions for appointment of counsel and for leave to file a supplemental complaint. In his complaint, Billingsley claimed that defendants Wilhelmenia S. Howard, Joseph B. Kelley, Thomas L. Driver, Martha E. Goolsby, Don A. Jenkins, Stephen J. Mcilroy, Irene Canales, Cogdell Memorial Hospital, and Texas Tech Medical Branch were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Pursuant to 28 U.S.C. § 636(c), Billingsley consented to have his case proceed before the magistrate judge (MJ). Because the MJ dismissed the complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1)-(2), this court reviews the decision de novo. See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

Billingsley contends that prison medical officials intentionally interfered with and delayed processing for eight weeks his physician's order that he receive state boots to alleviate pain in his feet caused by diabetic peripheral neuropathy. He maintains that the eight week delay in obtaining state boots constituted deliberate indifference. To prevail on a claim of deliberate indifference to medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). In the instant case, the record

2

indicated that the medical personnel had, in fact, been responsive to Billingsley, scheduling consults with his physician when requested and providing pain medication while also seeking approval for the boots. Because Billingsley failed to show deliberate indifference, the MJ appropriately dismissed his complaint.

Billingsley further argues that the MJ erred in dismissing his complaint with prejudice. Dismissal with prejudice was appropriate here because Billingsley had a full opportunity during the pendency of the suit to state and develop his legal claims but did not do so. See Rodriguez v. United States, 66 F.3d 95, 96 (5th Cir. 1995) (citing Good v. Allain, 823 F.2d 64, 67 (5th Cir. 1987), George v. King, 837 F.2d 705, 708 n. 2 (5th Cir. 1988)).

Billingsley additionally appeals the MJ's denial of his motion to file a supplemental complaint. Upon review of the record, we discern no abuse of discretion. See Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998); see, e.g., United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

Because this litigation presents no exceptional circumstances, the MJ also did not abuse her discretion in denying Billingsley's motion for appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991).

The MJ's dismissal of Billingsley's action as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Billingsley is hereby cautioned

3

that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.

4