# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30399

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2018

Lyle W. Cayce
Clerk

AKENSHAI TOWNS,

Plaintiff-Appellant

v.

SHERIFFS DEPARTMENT JACKSON PARISH; WARDEN JACKSON PARISH CORRECTIONAL COMPLEX; KAYNE PULLING; TIM DUCOTE, Parish Prison Warden; ANDY BROWN, Jackson Parish Sheriff; CITY OF JONESBORO; PARISH OF JACKSON,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CV-269

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Akenshai Towns moves this court for leave to proceed in forma pauperis (IFP) on appeal in regard to his challenge to the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).   He also has filed a motion for the appointment of counsel.  According to Towns, his complaint shows that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants improperly deprived him of his right to an extradition hearing and counsel during extradition.  Towns also argues, for the first time on appeal, that he wrongfully was denied the opportunity to file an amended complaint.

To obtain IFP status here, Towns must show both that he is financially eligible and that he will present a nonfrivolous issue for appeal.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  Towns, however, does not meet that standard.  Even if Towns is correct that *Heck v. Humphrey*, 512 U.S. 477 (1994), is inapplicable to his case, he indisputably failed to state a claim.  *Cf. United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (explaining that this court "may affirm for any reason supported by the record, even if not relied on by the district court").  Even liberally construed, nothing in Towns's allegations suggests a claim that he was denied his right to file a habeas corpus challenge to his extradition while he was in Louisiana.  *See Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Crumley v. Snead*, 620 F.2d 481, 483 (5th Cir. 1980); *see also* 18 U.S.C. § 3182.

Likewise, Towns has not shown the nonfrivolity of his claim that state officials should have provided him with an attorney, pursuant to his Sixth Amendment right to counsel.  *See McDonald v. Burrows*, 731 F.2d 294, 297 (5th Cir. 1984).  Finally, as for Towns's claim that the district court did not give him an opportunity to amend his complaint, he is deemed to have waived the issue, which he did not raise in his objections to the magistrate judge's report.  *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010).  Even if we were to consider the issue, the claim does not show prejudice because his amended complaint did not materially change the factual allegations of the initial complaint.

Accordingly, Towns's motion for leave to proceed IFP is DENIED, and his motion for appointment of counsel is DENIED.  We further DISMISS his

appeal sua sponte.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n. 24 (5th Cir. 1997); 5TH CIR. R. 42.2.

This dismissal and the district court's dismissal each count as a strike under § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Towns is hereby WARNED that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal unless he is under imminent danger of serious physical injury.  *See* § 1915(g).