**Tammy E. NEIGHBOUR, Plaintiff–Appellant,**

v.

**Patrolman Michael COVERT; Patrolman Joseph Kenny and The Village of Cooperstown, Defendants–Appellees.**

No. 63, Docket 94–9312.

United States Court of Appeals, Second Circuit.

Argued Sept. 22, 1995.

Decided Oct. 27, 1995.

Gilbert DiLucia, Law Offices of Gilbert DiLucia, Cooperstown, NY, for Plaintiff–Appellant.

John T. Casey, Bohl, Dellarocca & Dorfman, Albany, NY (Joseph Muia, Jr., of counsel), for Defendants–Appellees.

Before: OAKES, MINER and MAHONEY, Circuit Judges.

PER CURIAM:

Appellant Tammy E. Neighbour appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, Magistrate J.), entered after a bench trial, dismissing appellant's complaint in a civil rights action, the district court having determined, *inter alia,* that failure of police officers to give *Miranda* warnings is not actionable.

## BACKGROUND

On September 30, 1993, appellees Officers Michael Covert and Joseph Kenny ("the officers"), two members of the Cooperstown Police Department, went to the store where Neighbour was employed to question her about property that they believed she had stolen. Upon entering the store, the officers advised Neighbour that they were investigating the theft of certain articles of equipment known as horse tack. The officers proceeded to question Neighbour, and requested that she give them her boots so that they could determine whether the boots had been stolen. In an attempt to gain Neighbour's cooperation, the officers warned her of the possibility of spending two years in the state penitentiary. Neighbour responded by giv-

ing the boots to the officers, who then determined that the boots were not stolen property and returned them to her. However, the officers requested that Neighbour come to the police station later that day and that she bring the other allegedly stolen property with her.

After finishing work for the day, Neighbour went to the police station as requested by the officers. The other property allegedly stolen, the items of horse tack, was brought to the police station by Neighbour's sister. At the station, Neighbour signed a statement regarding the manner in which she had acquired the property. Shortly thereafter, Officer Kenny read Neighbour her *Miranda* rights, and Neighbour then left the station. The officers, however, retained the items brought to the station. The property later was delivered to the New York State Police, which took over the investigation. Neighbour subsequently was charged with petit larceny. These charges eventually were dismissed.

Neighbour brought an action against the officers and the Village of Cooperstown, pursuant to 42 U.S.C. §§ 1983, 1985(2), and 1986, claiming that the officers violated her Fourth, Sixth, and Fourteenth Amendment rights, and that the Village of Cooperstown was liable for having failed to train the officers properly. Following a two-day bench trial, the district court read into the record its findings of fact and conclusions of law. The district court dismissed Neighbour's complaint, finding that the officers' failure to read Neighbour the *Miranda* warnings was not actionable under § 1983, Neighbour's Fourth Amendment rights had not been violated, Neighbour's Sixth Amendment right to counsel had not attached, the officers were entitled to qualified immunity, and the Village of Cooperstown was not liable because Neighbour's constitutional rights had not been violated.

With respect to the *Miranda* warnings, the district court stated in its findings of fact

that Neighbour "was not in custody while she voluntarily answered questions at the police station." However, the district court, in its conclusions of law, stated that "[d]efendants did not read [Neighbour] her *Miranda* rights prior to questioning but the issue is not whether or not her statement is admissible at [a criminal] trial, it was not." The court then advised the officers that "it is this court's opinion that this statement by [Neighbour] would never have been admissible in a criminal proceeding and it is this Court's suggestion that your interrogation procedures should be adjusted accordingly."

## DISCUSSION

### 1. *Miranda* Violation

■ Neighbour contends that the officers are liable under § 1983 for failing to give her the *Miranda* warnings prior to questioning her at the store and at the police station.[1] It is well-settled that *Miranda* warnings are not required when an individual is not in custody. *See Beckwith v. United States*, 425 U.S. 341, 345–46, 96 S.Ct. 1612, 1615–16, 48 L.Ed.2d 1 (1976). Although the district court in the present case found that Neighbour never was in custody, it nevertheless concluded that her *Miranda* rights had been violated. However, this seeming inconsistency is of no consequence in this case, since we hold that the failure to give *Miranda* warnings does not create liability under § 1983.

*Miranda* warnings are a procedural safeguard rather than a right explicitly stated in the Fifth Amendment. *See Miranda v. Arizona*, 384 U.S. 436, 467, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694 (1966). The remedy for a *Miranda* violation is the exclusion from evidence of any ensuing self-incriminating statements. *See New York v. Quarles*, 467 U.S. 649, 663, 104 S.Ct. 2626, 2635, 81 L.Ed.2d 550 (1984) (O'Connor, J., concurring in the judgment in part and dissenting in part). The remedy is not a § 1983 action. *Lucero v.*

---

1. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Gunter,* 17 F.3d 1347, 1350–51 (10th Cir. 1994); *Brock v. Logan County Sheriff's Dep't,* 3 F.3d 1215, 1217 (8th Cir.1993); *Cooper v. Dupnik,* 963 F.2d 1220, 1243 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 407, 121 L.Ed.2d 332 (1992); *Warren v. City of Lincoln,* 864 F.2d 1436, 1442 (8th Cir.), *cert. denied,* 490 U.S. 1091, 109 S.Ct. 2431, 104 L.Ed.2d 988 (1989). Therefore, even if we were to assume that Neighbour's *Miranda* rights had been violated, that violation, standing alone, would not form a basis for liability under § 1983.

### 2. Fourth Amendment Claim

■ Neighbour contends that her encounters with the officers at the store and the police station constituted an unreasonable seizure of her person, in violation of the Fourth Amendment. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." An individual is seized by the police "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Lee,* 916 F.2d 814, 819 (2d Cir.1990) (internal quotations omitted); *see also Gardiner v. Incorporated Village of Endicott,* 50 F.3d 151, 155 (2d Cir.1995). Under this objective test, we must examine "the overall coercive effect of the police conduct." *Id.* In *Lee,* we identified several factors that might suggest that a seizure has occurred, including:

> the threatening presence of several officers; the display of a weapon; physical touching of the person by the officer; language or tone indicating that compliance with the officer was compulsory; prolonged retention of a person's personal effects, such as airplane tickets or identification; and a request by the officer to accompany him to the police station or a police room.

*Id.*

In the present case, only two police officers approached Neighbour at the store, and neither made a show of force. They did not physically touch Neighbour or limit her freedom in any way. Furthermore, they did not ask Neighbour to accompany them to the police station, but rather requested that she come to the station later that day by herself. Finally, the district court found that Neighbour voluntarily went to the police station, and that she was not in custody at the store or at the police station. Under the circumstances revealed, we do not think that Neighbour's encounters with the officers amounted to a seizure under the Fourth Amendment.

Neighbour also claims that the officers violated her Fourth Amendment rights by illegally searching and seizing her property. She contends that the district court erred in finding that she had consented to the seizure, and therefore that her Fourth Amendment rights were not violated. However, the district court found that the officers did not search Neighbour at the store, and that she voluntarily gave her boots and other property to them. These findings are supported by the record and we do not find them to be clearly erroneous.

### 3. Sixth Amendment Claim

■ Neighbour further argues that her Sixth Amendment right to counsel was violated when the officers questioned her prior to giving her the *Miranda* warnings. However, "[i]t has been firmly established that a person's Sixth and Fourteenth Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him." *Kirby v. Illinois,* 406 U.S. 682, 688, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411 (1972). Since Neighbour had not been arrested or charged with any crime at the time of questioning, her Sixth Amendment rights had yet to attach. Accordingly, the district court properly determined that Neighbour's Sixth Amendment rights had not been violated.

### 4. Claim Against the Village

■ Neighbour claims that the district court erred in determining that the Village of Cooperstown is not liable under § 1983. In order to maintain a § 1983 action against a municipality for the conduct of employees below the policy-making level, a plaintiff must demonstrate that "the violation of his constitutional rights resulted from a munici-

pal custom or policy." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 122 (2d Cir.1991). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989). The mere allegation that the municipality failed to train its employees properly is insufficient to establish a municipal custom or policy. *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993). In this case, there was nothing in the record beyond the allegation that the Cooperstown Police Department failed to train its employees properly. In any event, Neighbour failed to establish any constitutional violation by the officers, and therefore cannot recover on her claim against the Village of Cooperstown. *See Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

## CONCLUSION

In view of the foregoing, we affirm the judgment of the district court.