**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GILBERT ANTHONY GUTIERREZ,

      Plaintiff - Appellant,

      v.

JOHN SHANKS, Director of Adult
Prisons; TIM LEMASTER, Warden,
New Mexico State Penitentiary;
DAVID ARCHULETA, Associate
Warden, New Mexico State
Penitentiary; ROBERT ULIBARRI,
Administrative Segregation Director -
North Facility, New Mexico State
Penitentiary; DON HOOVER,
Classification Bureau Chief; ABE
SENA, Case Manager - North Facility,
New Mexico State Penitentiary;
JIMMY AVILA, Classification
Appeal's Officer; MIKE MARTINEZ,
Lieutenant, New Mexico State
Penitentiary; ELMER BUSTOS,
Acting Deputy Warden, New Mexico
State Penitentiary, all in their official
and individual capacities; and
ROBERT PERRY, Secretary of
Corrections for the State of New
Mexico,

      Defendants - Appellees.

No. 98-2081

D. New Mexico

(D.C. No. CIV-98-0001-JP/LFG)

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Gilbert Gutierrez appeals the district court's dismissal of his 28 U.S.C. § 1983 action against officials of the Penitentiary of New Mexico and the New Mexico Corrections Department. He contends that the district court erred in concluding that his complaint failed to state a claim. For the reasons stated below, we dismiss the appeal.

## BACKGROUND

As set forth in Gutierrez's complaint and brief on appeal, on March 12, 1997, a confidential informant provided prison officials with information that Gutierrez and other inmates were engaged in a power struggle. Admin.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Segregation Summ., Appellant's Br., Ex. A at 2. On March 13, another confidential informant advised that Gutierrez had been targeted for an assault. Id. A shakedown uncovered "pieces of metal with a diagram of a prison made weapon . . . in [an] area of the Hobby Shop [and] [t]he inmates that were responsible for the introduction of those pieces of metal pieces were also identified." Id.

In response to the above confidential information ("c.i."), on March 13, prison officials called Gutierrez into a meeting with the associate warden and the segregation administrator. The officials told Gutierrez of the above allegations, and they also indicated they had information that the power struggle was related to illegal drug activities. Gutierrez denied involvement in any drug activities, and he offered to sign a waiver releasing the prison from any claims in the event he suffered any injury from other inmates. Appellant's Br. at 2-3. The prison officials rejected Gutierrez's denials and request, and they placed him in involuntary administrative segregation. Id. at 4. On March 19, Gutierrez appeared before the Administrative Segregation Classification Committee (the "committee"), which concluded that "c.i. meets 4 of 8 [reliability criteria],[1] but is

_____

[1]According to prison regulations, "[i]f the administrative segregation classification committee relies on confidential information in making its decisions, it shall record at least four of the following items so that the reliability of the confidential information may be reviewed on appeal, as necessary."

(continued...)

not substantive. Subsequent c.i. indicates c.i. not accurate and drug was not real." Appellant's Br., Ex. B at 1. Accordingly, the committee recommended that Gutierrez be returned to general population. Id. Nonetheless, on April 15, the deputy warden rejected the committee's recommendation and denied Gutierrez's return to general population. Id., Ex. G.

On May 8, the committee again reviewed Gutierrez's status. This time it recommended continued segregation based on the security threat, and it also recommended referral for a transfer out of state to another facility where Gutierrez could be placed in general population. Id., Ex. F at 2, 4. Gutierrez was not allowed to rebut the confidential information at the hearings. Appellant's Br. at 5. He attempted to challenge the information through the prison appeal process, and his appeal was denied, based upon a restatement of the initial confidential information. Id. at 6-8 & Ex. G. However, no misconduct reports have been filed against Gutierrez. Id. at 16. Apparently, Gutierrez has remained

---

[1](...continued)
Appellant's Br., Ex. H. Apparently the four items were: 1) the date the information was received, *i.e.*, March 12 and 13; 2) details regarding Gutierrez's conduct, *i.e.*, his involvement in a power struggle; 3) the efforts to corroborate the information, *i.e.* searching the hobby shop; and 4) the identity of the staff member receiving the confidential information, (although this item is not stated in the report, according to Appellant's Brief, defendant Ulibarri received some of the confidential information).

in involuntary administrative segregation for over a year, through the filing of this lawsuit and appeal.

**DISCUSSION**

Because the district court's dismissal for failure to state a claim relied on both 28 U.S.C. § 1915(e)(2)[2] and Fed. R. Civ. P. 12(b)(6), we will apply the Rule 12(b)(6) standard of review in this case.[3] This court reviews de novo the district court's Rule 12(b)(6) dismissal, accepting as true all well-pleaded facts, as distinguished from conclusory allegations. See Witt v. Roadway Express, 136 F.3d 1424, 1431 (10th Cir. 1998). We will uphold the district court's dismissal pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45- 46 (1957). Since Gutierrez is proceeding pro se, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

---

[2]Although Gutierrez proceeded pursuant to 28 U.S.C. § 1915 below, he has paid his full filing fee on appeal.

[3]Recent unpublished Orders and Judgments in this circuit have suggested a de novo standard might also apply to the review of a district court's dismissal of a § 1915 case for failure to state a claim, but we have not yet published an opinion which definitely settles the question.

Gutierrez first argues that prison officials violated his Fifth Amendment right against self incrimination when they failed to give him a Miranda warning at his first hearing. Even if the prison officials did fail to advise Gutierrez of his right against self incrimination,[4] it is well-settled that the only remedy available for a Miranda violation is the suppression of any incriminating statements. Bennet v. Passic, 545 F.2d 1260, 1263 (10th Cir.1976). As the Second Circuit recently stated:

> [T]he failure to give Miranda warnings does not create liability under § 1983.
>
> Miranda warnings are a procedural safeguard rather than a right explicitly stated in the Fifth Amendment. The remedy for a Miranda violation is the exclusion from evidence of any ensuing self-incriminating statements. The remedy is not a § 1983 action.

Neighbour v. Covert, 68 F.3d 1508, 1510 (2d Cir. 1995) (per curiam) (internal citations omitted). Accordingly, as a matter of law, Gutierrez is not entitled to bring a civil rights suit against prison officials for failure to give a Miranda warning.

Next, Gutierrez contends that prison officials violated his Fourteenth and Fifth Amendment rights of due process. Essentially he complains that officials failed to follow prison regulations regarding the use of information acquired from

---

[4]We need not and do not determine whether Gutierrez was entitled to such a warning.

a confidential informant, and he argues that the officials' actions were arbitrary. In particular, he claims that the officials are retaliating against him for his refusal to either incriminate himself or become a prison "snitch," Appellant's Br. at 18, and he notes that officials have never filed a misconduct report against him and have never permitted him to rebut the charges.

As the district court observed, Gutierrez's allegations fall within the pronouncement of Sandin v. Conner, 515 U.S. 472 (1995). Sandin concerned an inmate's complaint that he was not allowed to present witnesses at a disciplinary hearing which resulted in a finding of misconduct and a thirty-day punitive segregated confinement. The Court found that the inmate's "segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 486. Accordingly, no constitutional due process safeguards attached. In justifying its conclusion, the Court expressly noted that Conner's disciplinary confinement did "not exceed similar, but totally discretionary, confinement in either duration or degree of restriction." Id. Although Gutierrez's confinement is ostensibly administrative rather than punitive and apparently has lasted over a year, neither its discretionary

aspect nor its duration distinguishes his case. Therefore, his claim fails as a matter of law. [5]

Since Gutierrez has failed to state a claim for violation of his constitutional rights, this appeal counts as a "prior occasion" under 28 U.S.C. § 1915(g). DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[5]While Gutierrez does not specifically complain about the possibility of an out of state transfer, we note in passing that under Meachum v. Fano, 427 U.S. 215, 224 (1976), an inmate generally enjoys no constitutional right to placement in any particular penal institution.