**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

**JUL 27 2001**

## TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

DAVID F. HAULMAN,

      Plaintiff-Appellant,

v.

JEFFERSON COUNTY SHERIFF
OFFICE; ROGER KEY; JEFFERSON
COUNTY PROBATION OFFICE,
MARIE BUSTAMANTE-SNELL;
JEFFERSON COUNTY DISTRICT
ATTORNEY; LAURA K. DUNBAR;
PROGRESSIVE THERAPY
SYSTEMS, P.C.; KRISTEN SCALES;
WALTER T. SIMON, PH.D.,

      Defendants-Appellees.

No. 00-1478
(D.C. No. 00-Z-1433)
(Colorado)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

David F. Haulman, a pro se state prisoner, brought this action under 42 U.S.C. § 1983 for monetary and injunctive relief against a Jefferson County deputy sheriff, a Jefferson County probation officer, and a psychologist who worked under a contract with Jefferson County. Mr. Haulman claims that his constitutional rights were violated in three ways: first, by the deputy sheriff, who did not provide him *Miranda* warnings and who ignored his request for counsel when interrogating him and giving him a polygraph test; second, by the probation officer, who did not provide *Miranda* warnings when preparing his presentence report and who placed false statements in the report; and third, by the psychologist who, during a court-ordered evaluation, did not provide *Miranda* warnings, made false statements in the report and failed to include exculpatory information. He also contends that the district attorney discussed his polygraph test with Mr. Haulman's wife after he was sentenced, thereby tampering with a witness. Mr. Haulman ultimately entered into a plea agreement with state authorities. It appears from the record that he is presently pursuing state post-conviction relief through court-appointed counsel.

After granting Mr. Haulman leave to proceed in forma pauperis, the district court dismissed the action under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. The court held that the failure to provide *Miranda* warnings does not give rise to liability under section 1983, and that the only available remedy is the suppression

of any incriminating statements.  The court noted that because Mr. Haulman entered into a plea agreement, *Miranda* is not applicable to his claims in any event.  The court concluded that Mr. Haulman's remaining allegations did not, even construed liberally in his favor, set out well-pleaded constitutional violations.

We conclude that Mr. Haulson is not entitled to relief on his allegations. First, the law in this circuit is clear that the only remedy available for a *Miranda* violation is the suppression of any incriminating evidence.  *See Bennet v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976); *accord Neighbour v. Covert*, 68 F.3d 1508, 1510-1511 (2d Cir. 1995).  Accordingly, Mr. Haulman may not recover damages on that claim.  Second, Mr. Haulman's claims that his requests for counsel were ignored, that he was sentenced on the basis of false and withheld information, and that the district attorney tampered with a witness all directly challenge the validity of his conviction or sentence and are therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, in order to recover damages for an alleged unconstitutional conviction or sentence, a section 1983 plaintiff must prove that the conviction or sentence has been reversed or otherwise set aside.  *Id.* at 486-87. Mr. Haulman has made no such showing here, and his claim for damages is therefore premature.  Even if we were to construe Mr. Haulman's request for injunctive relief as asserting a claim under the federal habeas corpus statute, 28

U.S.C. § 2254, it would still be subject to dismissal for failure to exhaust available state court remedies.

Accordingly, the judgment of the district court dismissing the action as legally frivolous is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge