Derrick **PIERCY**, Pedro Williams and Marco Lopez, Plaintiffs–Appellants,

v.

**FEDERAL RESERVE BANK OF NEW YORK**, Richard Tedeschi, Edmond Boran and Nicholas Proto, Defendants–Appellees.

Nos. 04–4854, 04–5019.

United States Court of Appeals, Second Circuit.

July 25, 2005.

Stephen G. DeNigris, Law Office of Stephen G. DeNigris, Washington, DC (S. Jean Smith, New York, NY, on the brief), for Plaintiffs–Appellants.

Jonathan I. Polk, Federal Reserve Bank of N.Y. Legal Department (Barry M. Schindler, of counsel), New York, NY, for Defendants–Appellees.

PRESENT: POOLER, SACK, Circuit Judges, and GARAUFIS, District Judge.*

* The Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants appeal from the District Court's memorandum decision filed August 19, 2004, granting summary judgment to defendants-appellees as to all claims. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review a district court's grant of summary judgment de novo. *Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 763 (2d Cir.2002). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). There is no genuine issue for trial if, viewing the record as a whole in the light most favorable to the nonmoving party, a rational trier of fact could not find for the nonmoving party. *Matsushita,* 475 U.S. at 587. To defeat a motion for summary judgment, the nonmoving party must do more than raise "metaphysical doubt" as to the material facts. *Id.* at 586. Rather, the nonmoving party must come forward with specific facts supported by sufficient concrete probative evidence to allow a rational trier of fact to find for her. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Appellants failed to meet their burden to defeat summary judgment as to their Fourth Amendment claims because they failed to present evidence to suggest that any seizure, if it occurred, was unreasonable. A police officer may be detained for internal administrative or disciplinary investigation, even if criminal charges are contemplated, with no requirement of probable cause or a warrant, so long as the detention was reasonable in its inception and so long as its scope was reasonably related to its purpose. *O'Connor v. Ortega,* 480 U.S. 709, 725–26, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987); *Cerrone v. Brown,* 246 F.3d 194, 200 (2d Cir.2001).

■ Summary judgment was appropriate as to appellants' Fifth Amendment due process claims because appellants did not establish the existence of a protected property or liberty interest. No property interest existed because appellants were terminable at will. 12 U.S.C. § 341; *see also Mele v. Federal Reserve Bank of N.Y.,* 359 F.3d 251, 255 (3d Cir.2004); *Scott v. Federal Reserve Bank of N.Y.,* 704 F.Supp. 441, 447 (S.D.N.Y.1989). No liberty interest existed because appellants have not challenged the "substantial accuracy" of the reports recommending their termination. *Codd v. Velger,* 429 U.S. 624, 628, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977).

■ Appellants have no claim under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because their statements have not been offered into evidence against them in a criminal trial. *Neighbour v. Covert,* 68 F.3d 1508, 1510 (2d Cir.1995). Appellants have not met their burden to defeat summary judgment on their claim under *Garrity v. New Jersey,* 385 U.S. 493, 497–98, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), *Gardner v. Broderick,* 392 U.S. 273, 88 S.Ct. 1913, 20 L.Ed.2d 1082 (1968), and *Uniformed Sanitation Men Ass'n v. Commissioner of Sanitation,* 426 F.2d 619, 627 (2d Cir.1970), because they have failed to suggest any way in which the statements solicited or elicited

from them could be criminally incriminating.

■ Appellants' Sixth Amendment rights to counsel were not violated because they had not been formally charged with a crime and therefore those rights had not attached at the time of their questioning. *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

■ Summary judgment was appropriate as to appellants' First Amendment claims because appellants' speech was not on a matter of public concern. Whether speech addresses an issue of public concern "must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Connick v. Myers,* 461 U.S. 138, 147–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *accord Lewis v. Cowen,* 165 F.3d 154, 163 (2d Cir.1999). Appellants' statements asserted no facts, and no opinions other than their opinion that local management had a provincial outlook. These statements were included in a private letter which, "if released to the public, would convey no information at all other than the fact that" these officers were personally dissatisfied with their local supervisors. *Connick,* 461 U.S. at 148. While it may be possible broadly to construe the general topics addressed in the letter-law enforcement training and policy-as matters of public concern, this does not alter the nature of these particular statements as ones that were clearly intended not to address public issues, but rather, to convey the personal dissatisfaction of the authors. *See Ezekwo v. NYC Health & Hosps. Corp.,* 940 F.2d 775, 781 (2d Cir. 1991).

For the foregoing reasons, the judgment of the District Court is AFFIRMED.