**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY LEWIS,

    Plaintiff - Appellant,

v.

RICK NELSON; DONALD
WOOLLEY; and MIKE MCCALL,

    Defendants - Appellees.

No. 96-3400
(D.C. No. 96-2081-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.

Plaintiff - Appellant Anthony Lewis ("Lewis") appeals the district court's

grant of summary judgment to Defendants - Appellees on his claims that the

Defendants, as members of the Kansas City, Kansas Police Department, violated

---

    [*]The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

his constitutional and civil rights when they arrested him on February 15, 1996.[1]

Lewis also appeals the district court's dismissal of his cross-motion for summary

judgment.  We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.


## BACKGROUND

The uncontroverted facts in this case are as follows.  On December 20,

1995, Michael Peterson ("Peterson") filed an aggravated assault and criminal

damage report against Anthony Lewis with the Kansas City, Kansas Police

Department (the "Police Department"). (Defendant's Motion for Summary

Judgment (Doc. # 43), hereinafter "DMSJ", at 2 -- uncontroverted by Plaintiff in

his response (Doc. # 45)).  Peterson reported that Lewis had driven a late model

Toyota Tercel alongside his vehicle and then fired a hand gun toward his vehicle.

(Id.)  Defendant Rick Nelson, a detective with the Police Department investigated

the incident. (Id.)

---

[1]  We construe this action to be one brought under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

As part of the investigation, the Police Department's ALERT computer system informed officers on December 29, 1995 that if Anthony Lewis was found, he was to be stopped and Detective Nelson was to be notified. (Id.) The ALERT order also advised officers that Lewis was to be considered armed and dangerous. (Id.)

Sometime after the ALERT order was issue, Detective Nelson compiled a prosecutive summary and turned it over to the District Attorney's Office of Wyandotte County, Kansas, for further action. (Id.) On February 2, 1996, the District Court of Wyandotte County, Kansas, issued a warrant for Lewis' arrest on charges of aggravated assault against Peterson. (Doc #45, Exhibit E). Two weeks later, on February 15, 1996, an informant advised Defendant Sergeant Don Woolley that Lewis, who was driving a red Toyota Tercel, would be arriving soon in the area around 1901 North 76th Street, Kansas City, Kansas. (DMSJ, at 3 -- uncontroverted by Plaintiff in his Response). The informant also stated that Lewis had a warrant out for his arrest. (Id.)

Sgt. Woolley located the red Tercel, determined through dispatch that the car was registered to Lewis, and then confirmed that there was a warrant out for Lewis' arrest. (Id.) Defendant Officer Mike McCall and Officer Timothy Hylton were called in to assist Sgt. Woolley on his stop of Lewis' vehicle, and based on the arrest warrant, they took Lewis into custody. (Id.) While at the scene, Officer

Hylton looked into Lewis' vehicle and noticed in plain view a fully loaded speed loader and the butt of a handgun under the driver's seat. (Id. -- controverted by the conclusory allegation that because Sgt. Woolley's name appeared on the complaint summons, Woolley must have been the one to conduct the search, see Aplt. Brief, at 3 -- attachment) These observations led to the discovery of a .38 caliber handgun, two speed loaders, and eighteen .38 caliber hollow point rounds. (Id.) Officer Hylton seized these items as evidence. (Id. at 3-4)

Lewis was ultimately charged with "knowingly carrying or possessing a pistol or other firearm on the person or any land, water or air vehicle, loaded or unloaded," in violation of Kansas City, Kansas, Municipal Ordinance § 22-106(a)(4). (Id. at 4) On March 18, 1996, Lewis entered a plea of guilty to this charge, at which time Kansas City, Kansas, Municipal Court Judge William Cook sentenced Lewis to 15 days in jail, gave him a fine of $150, and charged him $20 for costs. (Id.) Lewis received parole on the jail time for one year contingent upon no further violations. (Id.) The court also ordered the weapons seized and destroyed. (Id.) Lewis did not appeal his sentence, nor did he move to withdraw his guilty plea, and thus those matters are not before us. (Id.)

Rather, we consider Lewis' civil action which Lewis initiated against Defendants Nelson, Woolley, and McCall on February 20, 1996. (Doc #1) In this action, Lewis seeks $3,000,000,000,000 ($3 trillion) in damages resulting from

the deprivation of his constitutional rights, and $1,000 for a bond payment. (Id.) Specifically, Lewis asserted below: (1) that his arrest was illegal because defendants failed to show him a warrant at the time of his arrest; (2) that defendant McCall failed to read him his Miranda rights at the time of his arrest; and (3) that defendant Woolley seized his .38 caliber handgun, two speed loaders, and eighteen .38 caliber hollow point rounds without due process of law. (Id.)

On November 26, 1996, the District Court granted Defendants' motion for summary judgment with regard to Lewis' presentation of warrant claim and his Miranda warnings claim. (Doc #51)  The District Court dismissed Lewis' motion for summary judgment motion as untimely filed. (Id.)  Also in the November 26, 1996 Order, the District Court denied Defendants' motion for summary judgment with regard to the unreasonable seizure claim after determining that fact issues remained as to whether the seizure was governed by the "plain view" exception to the warrant requirement.  (Id. at 9-10).   However, in a Minute Order dated November 27, 1996, the District Court granted the Defendants' summary judgment with regard to the unreasonable search and seizure claim after determining that Officer Timothy Hylton, who was not a party to the action, had conducted the allegedly unreasonable search and seizure. (Doc # 52)

Lewis now appeals under 28 U.S.C. § 1291, and we AFFIRM.

**DISCUSSION**

We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). We grant summary judgment when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quoting Wolf v. Prudential Ins. Co. of America, 50 F.3d 793 (10th Cir. 1995)).

**1. Failure to Present the Warrant at Lewis' Arrest**.

Lewis' claim that the Defendants violated his constitutional rights by failing to present an arrest warrant at his arrest must fail. Lewis does not contest the validity of the arrest warrant, but only asserts that he should have been shown the warrant at his arrest. However, under neither federal statutory law, nor under Constitutional law, is Lewis provided the right to be shown an arrest warrant at the time of arrest.

Indeed, Rule 4(d)(3) of the Federal Rules of Criminal Procedure specifically denies the obligation of an arresting officer to present an arrest warrant at the time of arrest. Rule 4(d)(3) provides in relevant part that:

> [t]he officer need not have the warrant at the time of the arrest but upon request shall show the warrant to the defendant as soon as

possible. If the officer does not have the warrant at the time of the arrest, the officer shall then inform the defendant of the offense charged and of the fact that a warrant has been issued.

Fed. R. Crim. P. (4)(d)(3).

Further, several courts have refused to characterize an arrest as unlawful simply because the arrestee was not shown an arrest warrant upon arrest. See e.g., United States v. Buckner, 717 F.2d 297, 301 (6th Cir. 1983) (the failure of the officers to have the warrant in hand is of "no consequence" where arresting officers have reliable knowledge that warrant has been issued); United States v. Turcotte, 558 F.2d 893, 896 (8th Cir. 1977) (an arrest is not unlawful due to the failure of the arresting officer to serve arrestee with a copy of the arrest warrant); Bradley v. Extradition Corp. Of America, 758 F. Supp. 1153, 1156 (W.D. La. 1991)(same). Finally, although the Sixth Amendment provides that a state must inform an arrestee of any charges brought against him, this right does not attach until the state has instituted a formal prosecution. Kladis v. Brezek, 823 F.2d 1014, 1018 (7th Cir. 1987).

For these reasons, we AFFIRM the district court's grant of summary judgment to the Defendants on Lewis' warrant presentation claim.

## 2.     Failure to Read <u>Miranda</u> Warnings Claim.

Lewis' second claim is that he is owed monetary damages because of the Defendants' failure to read him his <u>Miranda</u> rights prior to his arrest.  <u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436, 467 (1966).  The law in this circuit is clear, however, that the only remedy available for a <u>Miranda</u> violation is the suppression of any incriminating statements.  <u>Bennet v. Passic</u>, 545 F.2d 1260, 1263 (10th Cir. 1976).  As we explained in <u>Bennet</u>:

> The Constitution and laws of the United States do not guarantee Bennett the right to <u>Miranda</u> warnings.  They only guarantee him the right to be free from self-incrimination.  The <u>Miranda</u> decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advise be excluded from evidence.  No rational argument can be made in support of the notion that the failure to give <u>Miranda</u> warnings subjects a police officer to liability under the Civil Rights Act.

<u>Id.</u>  <u>Accord</u> <u>Neighbour v. Covert</u>, 68 F.3d 1508, 1510 (2d Cir.), <u>cert. denied</u>, 116 S. Ct. 1267 (1996) ("The remedy for a <u>Miranda</u> violation is the exclusion from evidence of any ensuing self-incriminating statements.  The remedy is not a § 1983 action.") (internal citations omitted).

Thus, we AFFIRM the district court's grant of summary judgment to the Defendants on Lewis' <u>Miranda</u> rights claim.

### 3.     Unreasonable Search and Seizure Claim

Lewis' final claim is that Sgt. Woolley violated his Fourth Amendment rights when Officer Timothy Hylton searched his vehicle and seized certain pieces of evidence without a warrant.  Lewis argues that because Officer Woolley's name appeared on the uniform complaint summons, Officer Woolley, and not Officer Hylton, is the proper defendant for this claim.  We disagree.  There is simply no authority for the proposition that a police officer named on a complaint summons can be held liable for any resulting Fourth Amendment violations that occur at a subsequent arrest.

We have determined that a supervisor of officers who conduct an unreasonable search may be liable under 42 U.S.C. § 1983 where there are "'allegation of personal direction or actual knowledge and acquiescence,'" Kaul v. Stephan, 83 F.3d 1208, 1213 n. 3 (10th Cir. 1996) (quoting Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992)).  However, in this case, Lewis has failed to allege that Sergeant Woolley acted as a supervisor to Officer Hylton during the search and seizure, and there are no allegations of personal direction or actual knowledge and acquiescence.  We are mindful of the fact that Lewis is a pro se litigant, and thus, we "construe his pleadings liberally." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).  However, our "' . . . broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of

alleging sufficient facts on which a recognized legal claim could be based.'" Id. (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

In this case, the allegedly unreasonable search was conducted by Officer Timothy Hylton, who is not a party to this action, and no facts have been alleged upon which Sergeant Woolley can be held liable for Officer Hylton's search. Accordingly, we AFFIRM the district court's grant of summary judgment to the Defendants with regard to Lewis' Fourth Amendment claim.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's order.[2]

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2] Lewis also appeals the district court's dismissal of his summary judgment motion as untimely filed. Because we affirm the district court's grant of summary judgment to the Defendants in this case, we necessarily determine that Lewis' motion for summary judgment is denied on the merits.