O’BRIEN, J,, concurring and dissenting. I join the Order and Judgment affirming the merits decisions made by the district court. I dissent from the grant of leave to appeal without prepayment of fees (infor-ma pauperis or ifp) and would impose a strike for bringing a frivolous appeal. The district judge denied Sweat’s request for leave to appeal without prepayment of fees, see 28 U.S.C. § 1915(a), because his supporting affidavit failed to show he was qualified for such relief. He reapplied to this Court and the majority of this panel has permitted the appeal to proceed without prepayment of fees. I disagree. His affidavit (filed in this appeal) is adequate to show his financial qualifications. That, alone, is insufficient. In order to avoid prepayment of fees and costs his appeal may not be frivolous. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (to succeed on a motion for leave to proceed on appeal without prepayment of fees, “an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal”) (emphasis added). But it is. The district judge issued two clear, comprehensive and cogent orders (attached) dismissing Sweat’s claims for failure to state a claim. In his filings with this Court, he offers no compelling or even arguably persuasive reason to believe the district judge erred. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (an argument, like a complaint, “is frivolous where it lacks an arguable basis either in law or in fact”). “The federal in forma pauperis statute, enacted in 1892...., is designed to ensure that indigent litigants have meaningful access to the federal courts.” Id. at 324, 109 S.Ct. 1827. However, Congress also recognized “that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.” Id. Therefore, while we excuse prepayment of fees to prevent forfeiture of potentially meritorious appeals because of a person’s impecunious circumstances, frivolous appeals are not among those so excused because, by definition, they are not potentially meritorious. They ought not be encouraged. Sweat should be required to pay the filing fees prior to receiving a decision on the merits. This frivolous appeal should amount to a strike under 28 U.S.C. § 1915(g) (bringing a civil action or taking an appeal that is dismissed as frivolous, malicious or fails to state a claim). See Jennings v. Natrona Cty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) (“If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes.”), overruled on other grounds by Coleman v. Tollefson, — U.S. -, 135 S.Ct. 1759, 1763, 191 L.Ed.2d 803 (2015). He also incurred a strike when his complaint was dismissed by the district court for failure to state a claim. Coleman, 135 S.Ct. at 1763 (“A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal”). Finally, he has yet another strike for failure to state a claim. See Sweat v. Perea, et al., No. CV-14-00034-LH/LAM. Were this frivolous appeal to count, he would have three strikes. As it now stands he has at least two. Should he incur another strike he will be prohibited from bringing any civil action or taking an appeal in a civil case unless he “is under imminent danger of serious physical injury.” 28 U.S.C. § 1915(g). Attachment IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO ALREE B. SWEAT III, Plaintiff, v. STATE OF NEW MEXICO, DET. MIKE RICKARDS (L645), CITY OF LAS CRUCES, CHIEF OF POLICE (JAIME MONTOYA), DET. JEFF FERGUSEN, CHIEF OF POLICE FOR DEMING (JOHN DOE), DEMING POLICE OFC. Z. ZIGMON, DIRECTOR OF LUNA COUNTY DETENTION CENTER (JOHN OR JANE DOE), LUNA COUNTY DETENTION CENTER BOOKING OFFICER JOHN DOE 1 AND JOHN DOE 2, Defendants. No. CIV 15-0440. MV/LF MEMORANDUM OPINION AND ORDER This matter is before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiffs complaint. Plaintiff is incarcerated, appears pro se, and has filed a Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (“IFP”). Because the Court grants the IFP motion, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiffs filings, the Court will waive the initial partial payment pursuant to § 1915(b)(1). Also before the Court are Plaintiffs motions for extensions of time to cure deficiencies (Docs. 5, 8). The deficiencies have been cured, and these motions will be denied as moot. For reasons set out below, the Court will dismiss certain of Plaintiffs claims. The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under § 1915(e)(2) “at any time if ... the action ... is frivolous or malicious; [or] fails to state a claim on which relief-may be granted.” The Court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if “it is ‘patently obvious’ that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.” Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting McKinney v. Oklahoma, Dep’t of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege “enough facts to state a claim to relief that is plausible on its face.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In reviewing Plaintiffs pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The complaint asserts that Defendants violated a number of Plaintiffs federal and state constitutional .protections during his arrest, detention, and criminal prosecution for evading, eluding, or obstructing an officer (service of process), According to the complaint, in August, 2013, Defendant Rickards filed the charges because Plaintiff refused to cooperate with a search warrant to allow a buccal swab for DNA. At about the same time, Plaintiff was also indicted for several acts of.auto burglary. The New Mexico Corrections Department’s website indicates that he is currently serving a sentence for burglary of a vehicle. See http://cd.nm.gov/ (last visited on October 13, 2015). On April 8, 2015, the district attorney filed a. nolle prosequi on. the evading/obstructing charge. Plaintiff makes seven Claims in the complaint. In Claim I, he alleges that Defendant Rickards,- a Las Cruces (Dona Ana County) police officer, called Plaintiff on the telephone at Plaintiffs residence in Deming (Luna County) and, without advising him of his Miranda rights attempted to question him about auto burglaries. Plaintiff refused to talk to Defendant Rick-ards. This refusal became the basis of the evading/obstructing charge asserted in Claim II. Claim III is based on the allegation that a magistrate judge issued a warrant on the “bogus” charge. Plaintiff' directs this claim against Defendant State of New Mexico for failing to properly train the magistrate judge. Claim IV asserts that the police chiefs in both Las Cruces and Deming, and other unspecified supervisory entities, are liable on the “bogus warrant” allegation for failing to investigate the alleged incident and to properly train or supervise their subordinates. Plaintiff also asserts in Claim IV that Defendant Rickards conspired with Officers Fergusén and Zigmon to effect Plaintiffs wrongful arrest. In Claim'V, Plaintiff alleges that Defendant Zigmon took him to the Luna County Detention Center, where Defendant John Doe (1) Booking Officer booked him and Defendant John Doe (2) Booking Officer strip-searched him. He contends that the John or Jane Doe director of the detention center failed to train or supervise his subordinates and illegally detained Plaintiff. Claim VI asserts that Plaintiff was denied a fair trial, and his double jeopardy protections were violated, as a result of defective warrant and grand jury target notices. The central allegation is that he was illegally tried separately on the auto burglary charges instead of in one consolidated proceeding, In Claim VII, Plaintiff asserts that he was wrongfully subjected to grand jury proceedings, and subjected to malicious prosecution, as a result insufficient evidence and Defendant Rickard’s perjury. As noted above, the prosecution filed a notice‘of nolle prosequi on the evading/obstructing charge. No relief is available on the allegation in Claim I that Defendant Rickards attempted to question Plaintiff without reading him his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). “The law in this circuit is clear ... that the only remedy available for a Miranda violation is the suppression of any incriminating statements.” Lewis v. Nelson, No. 96-3400, 1997 WL 291177, at **3 (10th Cir. June 2, 1997) (citing Bennett v. Passic, 545 F.2d 1260, 1263 (10th Cir. 1976)). “No rational argument can be made in support of the notion that the failure to give Miranda warnings subjects a police officer to liability under the Civil Rights Act.” Bennett, 545 F.2d at 1263; see also Lewis, 1997 WL 291177, at **3. The Miranda claim will be dismissed. In Claim III Plaintiff alleges that the State failed to train the magistrate judge who issued the warrant “for [the] bogus charge.” He quotes certain laws but makes only eonclusory claims about the failure to train. Count [sic] IV Plaintiff alleges that the officers conspired to arrest and detain Plaintiff. He also alleges, without factual support, that the chiefs of police in Las Cruces and Deming failed to inquire about or prevent the arrest and detention of Plaintiff and failed to train or supervise the officers involved. Plaintiffs allegations against the supervisory Defendants do not affirmatively link them to the various violations. See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. See id. The Court will dismiss Claim III and the failure to train claim in Count [sic] IV. In Count [sic] V, Plaintiffs allegation that Defendant John Doe (1) booked him in to the Luna County Detention Center fails to support a constitutional claim. “[A]bsent any objectively apparent lack of a basis for a detention which should arouse suspicion, a jailer cannot be expected to assume the mantle of a magistrate to determine the probable cause for an arrest.” Dry v. United States, 235 F.3d 1249, 1259 (10th Cir. 2000) (internal quotation marks omitted) (citing Martinez v. City of Los Angeles, 141 F.3d 1373, 1380 (9th Cir. 1998); Wood v. Worachek, 618 F.2d 1225, 1231 (7th Cir. 1980)). Plaintiffs allegations of “bogus charges” and defective warrant do not an “objectively apparent lack of a basis for a detention,” Dry, 235 F.3d at 1259, and Plaintiffs claim against Defendant John Doe (1) in Count [sic] V will be dismissed. The failure-to-train claim against Defendant Director of Luna County Detention Center (John Doe or Jane Doe) will be dismissed for the reasons stated above as to Claim III and Count [sic] IV. Plaintiff will be allowed a reasonable time to identify Defendant John Doe (2) on the strip-search claim in Count [sic] V. In Count [sic] VI, Plaintiff alleges that he repeived four separate target notices, and four separate grand jury proceedings were' held on the charges against him. He also alleges that he was tried twice, apparently as grounds for a double jeopardy claim. No Defendant is identified on this claim, and Plaintiff will be allowed time to identify the individual(s) who subjected him to double jeopardy. Last, Plaintiff provides no factual support for his claim against Defendant City of Las Cruces. In the absence of allegations that “a municipal ‘policy or custom’ caused a plaintiff to be deprived of a federal right,” Los Angeles County v. Humphries, 562 U.S. 29, 32-33, 131 S.Ct. 447, 178 L.Ed.2d 460 (2010), Plaintiffs claims against this Defendant will be dismissed. IT IS THEREFORE ORDERED that Plaintiffs motions for extensions of time (Docs. 5, 8) are DENIED as moot, his Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and the initial partial filing fee payment is WAIVED; IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month’s income credited to Plaintiffs account or show cause why payment should be excused, and the Clerk is directed to provide Plaintiff with two copies of the- post-filing financial certificate; IT IS FURTHER ORDERED that Plaintiffs claims I, III, the supervisory claim in Count [sic] IV, and the claim against John Doe (1) in Count [sic] V are DISMISSED; and Defendants State of New Mexico, City of Las Cruces, Chief of Police (Jaime Montoya), Chief of Police For Deming (John Doe), Director of Luna County Detention Center (John or Jane Doe), and Luna County Detention Center Booking Officer John Doe (1) are DISMISSED as parties to this action; IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, to Defendants Mike Rickards and Jeff Ferguson, c/o Las Cruces Police Department, 217 E. Picacho, Las Cruces, NM 88001; and Z. Zigmon, c/o Deming Police Department, 700 E. Pine St., Deming, NM 88030. /s/MARTHA VÁZQUEZ UNITED STATES DISTRICT JUDGE IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO ALREE B. SWEAT, III, Plaintiff, vs. DET. MIKE RICKARDS, DET. JEFF FERGUSEN, DEMING POLICE OFC. Z. ZIGMON, and JOHN DOE 2, Defendants. No. CV15-00440 MV/LF MEMORANDUM OPINION AND ORDER THIS MATTER is before the Court on the 1983 Prisoner Civil Rights Complaint filed by Plaintiff Airee B. Sweat III (“Complaint”) (Doc. 1), the Motion to Dismiss for Failure to State a Claim filed by Defendant Zack Sigmon (Doc. 22) and the Answer to the Complaint filed by Defendants Michael Rickards and Jeffery Ferguson (Doc. 18). The Court will dismiss Plaintiff Sweat’s Complaint for failure to state a claim on which relief can be granted. Nature of the Case and Prior Proceedings This -is a prisoner civil rights case brought by Plaintiff Airee B. Sweat III under 42 U.S.C. § 1983. Plaintiff Sweat is proceeding pro se and in forma pauperis. (Doc. 12 at 1). Sweat filed his Prisoner’s Civil Rights Complaint (Doc. 1) (“Complaint”) on May 22, 2015. The Complaint named the State of New Mexico, Det. Mike Rickards, City of Las Cruces, Chief of Police Jaime Montoya, Det. Jeff Ferguson, Chief of Police for Deming (John Doe), Deming Police Ofc. Z. Zigmon, Director of Luna County Detention Center (John or Jane Doe), Luna County Detention Center Booking Officer John Doe (1) and John Doe (2). (Doc. 1). On February 24, 2016, the Court entered a sua sponte Memorandum Opinion and Order under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). (Doc. 12). The Court’s Memorandum Opinion and Order dismissed Plaintiffs claims I, III, the supervisory claim in Count [sic] IV, and the claim against John Doe (1) in Count [sic] V for failure to state a claim on which relief can be granted. (Doc. 12 at 5). The Memorandum Opinion and Order also dismissed all claims against the State of New Mexico, City of Las Cruces, Chief of Police (Jaime Montoya), Chief of Police for Deming (John Doe), Director of Luna County Detention Center (John or Jane Doe), and Luna County Detention Center Booking Officer John Doe (1). (Doc. 12 at 6). The Court’s Order permitted the claims in Claim II, Count V as to John Doe (2), Count VI and Count VII to proceed. The Court granted Sweat a reasonable time to identify Luna County Detention Center Booking Officer John Doe (2) for purposes of Count V and to identify the individuals alleged to have subjected him to double jeopardy for purposes of Count VI. The Court directed issuance of notice and waiver of service forms to Defendants Mike Rickards, Jeff Ferguson and Z. Zigmon. (Doc. 12 at 5, 6). Defendant Zack Sigmon, incorrectly identified in the Complaint as “Z. Zigmon,” entered an appearance through counsel and filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) based on claim or issue preclusion. (Doc. 22). Defendants Michael Rickards and Jeffrey Ferguson also appeared and filed an Answer asserting the defense of failure to state a claim and claim preclusion. (Doc. 18). Plaintiff Sweat has filed a Motion to Amend his Complaint to name Luna County Detention Center Officer Chris Verduzco as a defendant in place of John Doe (2). (Doc. 20). Also pending before the Court are Plaintiff Sweat’s Motion for Default Judgment (Doc. 26) and Motion for Appointment of Counsel (Doc. 43). Statement of Facts and Allegations In June of 2013, Plaintiff Airee B. Sweat III was notified that he was the target of a grand jury investigation in Dona Ana County, New Mexico. Sweat was being investigated for multiple crimes of burglary of a vehicle committed in Dona Ana County in April and May, 2013. (Doc. 1 at 32-37). The crimes were being investigated by Las Cruces Police Department Detective Michael Rickards. (Doc. 1 at 30-31). During the course of his investigation, Detective Rickards learned that possible DNA blood evidence had been recovered during preliminary investigation of the auto burglaries. Detective Rickards sent the evidence to the New Mexico Department of Public Safety Forensic Laboratories in Santa Fe for analysis and received a confirmation letter from the New Mexico DNA Identification System that there was a confirmed offender match to Plaintiff Sweat. (Doc. 1 at 30-31). On August 7, 2013, Rickards obtained a Search Warrant for oral/buccal- swabs from Sweat to send as a standard to the laboratory. The Search Warrant was signed by Judge Conrad Perea. (Doc. 1 at 31). On August 8, 2013 Detective Rickards contacted Chris from Action Bail Bonds to ask for assistance in arranging a meeting with Sweat. Chris provided him with Sweat’s telephone number and address in Deming, New Mexico, and informed Detective Rickards that Sweat was unwilling to cooperate. (Doc. 1 at 31)'. Detective Rick-ards contacted Sweat by telephone and advised him of the Search Warrant. Sweat advised Rickards he would not comply. (Doc. 1 at 31). Rickards then filed a Criminal Complaint in Dona Ana County Magistrate Court on August 9, 2013, charging Sweat with the crime of Resisting, Evading or Obstructing an Officer contrary to Section 30-22-l(A) NMSA 1978. (Doc. 1 at 29). Rickards also filed a sworn Statement of Facts in Support of Complaint setting out the facts to establish probable cause to believe that Sweat committed the crime charged.- A bench warrant was issued for Sweat’s arrest. (Doc. 1 at 30-31). On August 9, 2013, Sweat was arrested by Deming Police Officer Zack Sigmon in Deming, Luna County, New Mexico. Officer Sigmon transported Sweat to the Luna County Detention Center where he was detained until Detective Jeff Ferguson of the Las Cruces Police Department arrived. While at the Luna County Detention Center, Sweat was booked, taken to a room and asked to strip for a visual inspection, given a prison uniform, and escorted to get bedding by officer John Doe (2) (now identified as Officer Chris Verduzco) prior to béing placed in a housing unit. (Docs. 1 at 7; 20-1 at 11-15). Detective Ferguson arrived at the Detention Center, executed the Search Warrant, and obtained a DNA sample from Sweat. (Doc. 1 at 15). Sweat was later convicted on multiple counts of burglary of a vehicle and is serving sentences in the New Mexico state correctional system. See State v. Sweat, Dona Ana County cause nos. D 307-CR-201300452 and D-307-CR-201301165; see also State v. Sweat, 2016 WL 6562968 (Ct. App. N.M. 2016). A nolle. prosequi was entered on the charge of Resisting, Evading or Obstructing an Officer by the Dona Ana County District Attorney’s Office on April 8, 2014. (Doc. 1 at 38). Sweat has filed two previous actions arising out of the same operative facts. In Sweat v. Judge Conrad Perea, No. CV 14-00034 LH/LAM, Sweat brought claims against Judge Perea, who issued the search warrant, Detective Rickards (improperly named as Det. Mike Richards), Det. John Doe of LCPD, and Deming Police Officer John Doe. The Court dismissed the claims against Detective Rickards, Det. John Doe of LCPD, and Deming Police Officer John Doe for failure -to state a claim on which relief could.be granted. See CV 14-00034 Doc. 19. Sweat filed the same claims in No. CV 14-00227 MCA/WPL. The Court found that the claims in CV 14-00227 were duplicative of the claims asserted in CV 14-00034 and dismissed them on that basis. See CV 14-00227 Doc. 33. Sweat did not appeal the Court’s ruling in either case. 1. Plaintiff Sweat’s Pending Motions A. Motion for Default Judgment ' Plaintiff Sweat has filed a Motion for Default Judgment seeking entry of default against Defendants Sigmon, Rickards, and Ferguson. (Doc. 26). Under Fed. R. Civ, P. 55, the Court may enter a default only where the record shows that a defendant has failed to plead or otherwise defend. The record in this case does not show that Defendants Sigmon, Rickards, and Ferguson have failed to' plead or otherwise defend. To the-contrary, all three Defendants have appeared and are defending this action. (Docs. 18, 22). The Court will deny the Motion for Default Judgment. B. Motion for Appointment of Counsel Also before the Court is Plaintiff Sweat’s Motion for Appointment of Counsel. (Doc. 43).- United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, the court is to consider “the merits of the litigant’s claims, the nature of the factual issues raised in the claims, the litigant’s ability to present his claims, and the complexity of the legal issues raised by the claims.” Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff “to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel.” Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted). Plaintiff Sweat’s filings have adequately articulated the claims he seeks to prosecute. As set out, below, the allegations of Plaintiffs Complaint and the additional materials in the record fail to state any claim for relief. Sweat’s Memorandum of Law in Support of Plaintiffs Motion for Appointment of Counsel (Doc. 41) does not convince the Court that any assistance by counsel would change the fact that Plaintiffs contentions are legally insufficient. The Court will deny the Motion for Appointment of Counsel. C. Motion for Leave to File an Amended Complaint Sweat has filed a Motion for Leave to File an Amended Complaint. (Doc. 20). In his Motion for Leave, Sweat seeks to substitute Officer Chris Verduzco for “John Doe (2).” As set out in part II.Biv, below, Sweat’s strip-search allegations against John Doe 2 do not state a legally sufficient claim for relief and will be dismissed. Therefore, allowing Sweat to amend to substitute Officer Verduzco would be futile. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Sweat also seeks to amend to name Defendant Rickards as the individual who subjected him to double jeopardy for purposes of Count VI of the Complaint. (Doc. 20 at 2). Count VI of the Complaint asserts that Sweat was “tried twice” when the state court denied consolidation of separate grand jury indictments for multiple offenses. (Doc. 1 at 18). Defendant Rick-ards, however, is a police officer, not a prosecutor, and could not have prosecuted Sweat twice for the same crime. Allowing Sweat to amend to assert a double jeopardy claim against Officer Rickards would also be futile. The Court will deny Sweat’s Motion for Leave to File an Amended Complaint. Hall, 935 F.2d at 1109. II. Sweat’s Complaint Fails to State a Claim for Relief . A. Standards for Failure to State a Claim Plaintiff Sweat is proceeding pro se and informa pauperis. The Court may dismiss an informa pauperis complaint for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not - conclusory, unsupported allegations, and may not consider matters outside the pleading. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if “it is ‘patently obvious’ that the plaintiff could not prevail on the facts alleged.” Hall, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Oklahoma Dep’t of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege “enough facts to state a claim to relief that is plausible on its face.” Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A claim should be dismissed where it is legally Or factually insufficient to state a plausible claim for relief. Id. Under § 1915(e)(2)(B) “the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted.” 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The authority granted by § 1915 permits the court “the unusual power to pierce the veil of the complaint’s factual allegations and dismiss those claims whose factual contentions are clearly baseless.” Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). See also Hall, 935 F.2d at 1109. “[T]he authority to ‘pierce the veil of the complaint’s factual allegations’ means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiffs allegations.” Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). The court is not required to accept the truth of the plaintiffs allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. Denton, 504 U.S. at 32-33, 112 S.Ct. 1728. In reviewing a pro se complaint, the Court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiffs pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiffs claims. Nor may the court assume the role of advocate for the pro se litigant. Hall, 935 F.2d at 1110. In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. Hall, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Fed. R. Civ. P. 12(b)(6) or § 1915(e)(2)(B) standards. Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004). B. Plaintiff’s Allegations are Barred by Res Judicata and Fail to State a Claim for Relief All three Defendants seek dismissal of Sweat’s claims based on res judicata. (Doc. 18, 22). The doctrine of res judicata encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion. See Baker by Thomas v. General Motors Corp., 522 U.S. 222, 233 n. 5, 118 S.Ct. 657, 139 L.Ed.2d 580 (1998). Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered. See Restatement (Second) of Judgments § 24. A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that actually were or could have been raised in that action. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir. 1990). In contrast to claim preclusion, issue preclusion bars a party from relitigating an issue once that party has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim. See Dodge v. Cotter Corp., 203 F.3d 1190, 1198 (10th Cir. 2000). “In general, issue preclusion applies when: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party,' or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.” Park Lake Res. Ltd. Liab. v. U.S. Department Of Agriculture, 378 F.3d 1132, 1136 (10th Cir. 2004) (quoting Dodge, 203 F.3d at 1198); Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation, 975 F.2d 683, 687 (10th Cir. 1992). “[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). (i) Detective Mike Rickards: Claim II of the Complaint is directed exclusively against Defendant Rickards. Sweat alleges that: “On August 9, 2013, Det. Mike Rickards did file a criminal complaint under penalty of perjury accusing Airee B. Sweat III of committing the crime of resisting, Evading or Obstruction of Justice in Dona Ana County, when Airee B. Sweat III was nowhere near Dona Ana County and was clearly residing in Luna County on August 8, 2013 during and after the call via telephone by Det. Mike Rick-ards.” (Doc. 1 at 10-11, Claim II). In Count VII, Sweat asserts that Detective Rickards committed the crime of perjury by making a false statement under oath and the charge of Evading or Obstruction of Justice was subsequently dismissed by a Nolle Prosequi issued by the State of New Mexico. Sweat claims that this conduct violated Sweat’s constitutional rights and constituted malicious prosecution under state law. (Doc. 1 at 20-21). Sweat contends that the statement by Rickards that the crime was committed in Dona Ana County is a false statement under oath by a public officer and this false statement resulted in an arrest without probable cause in violation of the Fourth Amendment and a denial of a fair trial in violation of his due process rights. “On August 9, 2013 Det. Mike Rickards filed a criminal complaint under penalty of perjury. In the Complaint Statement of Facts in Support of Complaint line (7) Det. Mike Rickards clearly testifies he contacted Chris from Action Bail Bonds and obtained Mr. Sweat’s address in Deming, NM and Mr. Sweat’s phone number. Line (8). Det. Mike Rickards clearly testifies he contacted Mr. Sweat via telephone August 8, 2013 while Mr. Sweat was at his address at 1101 E. Maple St. in Deming, NM known as Luna County and not Dona Ana County.” (Doc. 1 at 5, ¶ 3). Sweat’s allegations are without merit. At the time Sweat advised Rickards by telephone that he would not comply with the search warrant, Rickards was in Dona Ana County and the alleged crime of evading or obstructing occurred in Dona Ana County. Moreover, in case No. CV 14-00034, Plaintiff Sweat made the same claims of unreasonable seizure based on an allegedly “bogus” warrant against Detective Rick-ards. The Court concluded that probable cause for the arrest had been determined against Sweat when he was bound over for trial in state court and that, absent a subsequent favorable termination of the criminal proceedings on the merits, Sweat’s allegations did not state a claim for relief against Detective Rickards. Although the criminal proceedings were ultimately dismissed, the dismissal was based on Rick-ards’ failure to appear and testify, not on an adjudication of probable cause in favor of Sweat. (CV 14-00034 Doc. 19 at 3-4). Rickards has pled the defenses of claim preclusion and failure to state a claim. (Doc. 18 at 6). The contentions by Sweat against Detective Rickards have already been adjudicated adverse to Sweat and he may not relitigate them again in this proceeding. Based on either claim preclusion or issue preclusion, Sweat’s claims against Detective Rickards are barred. Sil-Flo, Inc., 917 F.2d at 1520; Ashe, 397 U.S. at 443, 90 S.Ct. 1189. (ii) Deming Police Officer Zack Sig-mon (incorrectly identified as “Z. Zigmon”): Sweat’s allegations against Deming Police Officer Sigmon are that, “on August 9, 2013 the Deming police department did arrest Airee B. Sweat II on Resisting, Evading or Obstruction of Justice that Det. Mike Rickards filed in Dona Ana County ... Deming Police Ofc. Z. Zigmon did transport Airee B. Sweat II to Luna County Detention Center. (Doc. 1 at 14-15). In prior litigation, Sweat raised the identical claims against “Deming Police Officer John Doe.” See Sweat v. Judge Conrad Perea, et al., No. CV 14-00034 LH/LAM Doc. 19. The Court dismissed the claims against “Deming Police Officer John Doe” with prejudice for failure to state a claim for relief. (CV 14-00034 Doc. 19 at 3, 5). The claims and issues asserted against Deming Police Officer Sigmon are identical to the claims presented against Deming Police Officer John Doe in the previous action. The prior action has been finally adjudicated on the merits and a final judgment was entered. Sweat was the Plaintiff in the prior adjudication, and Sweat had a full and fair opportunity to litigate the issues in the prior action. Park Lake Res. Ltd. Liab., 378 F.3d at 1135-36. The claims against Deming Police Officer Sigmon are similarly barred by claim or issue preclusion and fail to state a claim for relief. Dodge, 203 F.3d at 1198; Sil-Flo, Inc., 917 F.2d at 1520; Ashe, 397 U.S. at 443, 90 S.Ct. 1189. The Court will grant Defendant Sigmon’s Motion to Dismiss. The Court will also deny Defendant’s Sigmon’s Motion to Strike (Doc. 45) as moot in light of the Court’s dismissal of the claims against him. (iii) Detective Jeff Ferguson: Sweat contends that Deming Police transported him “to the Deming police department to wait for Det. Jeff Ferguson to arrive from Las Cruces to executed a search warrant that did not contain the seal of the court, and the docket number of the case as directed by rule 1.004 NMRA ... Detective Ferguson executed a search warrant that was defective and not in compliance with 1.004 NMRA process.” (Doc. 1 at 14-15). Detective Ferguson raises claim preclusion and failure to state a claim as defenses to this action. (Doc. 18 at 6). . In CV 14-00034, Sweat asserted the same contention against “John Doe of LCPD.” See (CV 14-00034 Doc. 19). The Court dismissed the claims against “John Doe of LCPD”, holding that “[n]o relief is available on these claims because, as stab-ed in the complaint, each of these actions was taken pursuant to a warrant issued by Defendant Judge Perea.” (CV 14-00034 Doc. 19 at 3). The only difference in the allegations in No. CV 14-00034 and this case are that Plaintiff Sweat has now identified “John Doe of LCPD”' as Detective Jeff Ferguson. The adjudication of the claims and issues against “John Doe of LCPD” bar relitigation of those claims against Detective Ferguson in this case. Park Lake Res. Ltd. Liab., 378 F.3d at 1135-36; Dodge, 203 F.3d at 1198; Sil-Flo, Inc., 917 F.2d at 1520. (iv) John Doe (2): Last, for purposes of Count V, Sweat alleges: “Airee B. Sweat III was then dressed out by booking officer John Doe (2) In a room in the county jail and was asked to strip naked for a visual. John Doe (2) then escorted Airee B. Sweat III to get his bedding before placing Airee B. Sweat III into a housing unit ...” (Doc.. 1 at 7). “Booking Ofc. John Doe (2) did unlawfully conduct a strip search of Airee B. Sweat III totally naked before issuing the Luna County Detention Center uniform for detainees.” (Doc. 1 at 16). Arrestees being booked into correctional facilities do have Fourth Amendment constitutional rights to be free of unreasonable searches and seizures. However, not all strip searches are unconstitutional, Foote v. Spiegel, 118 F.3d 1416, 1425 (10th Cir. 1997). A policy or practice of strip searching all arrestees as part of the process of booking them into the general population of a detention facility, even without reasonable suspicion to believe that they may be concealing contraband, is constitutionally permissible. A practice impinging on an inmate’s constitutional rights will be upheld where it is “reasonably related to legitimate penological interests.” Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). The security concerns inherent in a situation where the arrestee will be placed in the general prison population are obvious. Archuleta v. Wagner, 523 F.3d 1278, 1284 (10th Cir. 2008). Maintaining safety and order at detention centers is reasonably related to legitimate penological interests and requires the expertise of correctional officials, who must have substantial discretion to devise reasonable solutions to problems. Turner, 482 U.S. at 89, 107 S.Ct. 2254. Therefore, a strip search of an arres-tee being booked into the correctional facility is constitutionally permissible, at least where the strip search is no moré intrusive than the one the Supreme Court upheld in Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See Powell v. Barrett, 541 F.3d 1298 (11th Cir. 2008). The Supreme Court, in Bell v. Wolfish, upheld a rule requiring pretrial detainees in federal correctional facilities “to expose their body cavities for visual inspection as a part of a strip search conducted after every contact visit with a person from outside the institution^],” deferring to the judgment of correctional officials that the inspections served not only to discover but also to deter the smuggling of weapons, drugs, and other prohibited items. 441 U.S. at 558, 99 S.Ct. 1861. See also Block v. Rutherford, 468 U.S. 576, 586-587, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). “[C]or-rectional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities.” Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 328, 132 S.Ct. 1510, 182 L.Ed.2d 566 (2012). See also Hudson v. Palmer, 468 U.S. 517, 522-523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Block, 468 U.S. at 584-585, 104 S.Ct. 3227. The obvious security concerns inherent in a situation where the detainee will be placed in the general prison population warrant searches of arrestees intermingled with general population of a corrections facility. Archuleta, 523 F.3d at 1284. The rights of arrestees placed in custodial housing with the general jail population are not violated by a policy or practice of strip searching each one of them as part of the booking process, provided that the searches are no more intrusive on privacy interests than those upheld in the Bell case, and the searches are not conducted in an abusive manner. Bull v. City and County of San Francisco, 595 F.3d 964, 980-81 (9th Cir. 2010); Powell, 541 F.3d at 1314. In this case, Sweat alleges no more than that, .as part of the booking process, he was taken to a room by one of the booking officers, John Doe (2), asked to take off his clothes and undergo a visual inspection, and then given a facility uniform to put on before being placed in the general facility population. Sweat does not allege that he was subjected to body cavity searches or that the visual search was conducted in an unreasonably intrusive or abusive manner. Sweat’s allegations against John Doe (2) do not state a Fourth Amendment claim for relief. Archuleta 523 F.3d at 1284; Bull, 595 F.3d at 980-88; Powell, 541 F.3d at 1314. (v) Sweat’s Remaining Double Jeopardy and State Law Clams: As set out, above, Sweat was granted a reasonable time to identify the individual that, in Count VI, he alleges subjected him to double jeopardy. The only individual he has identified is Detective Rickards, who was not a prosecutor and could not have tried Sweat twice for the same crime. Count VI does not state a claim for relief because Sweat has not identified any individual that violated his constitutional lights by subjecting him to double jeopardy. Therefore, Count VI will also be dismissed for failure to state a claim on which relief can be granted. Last, in his Complaint, Sweat claims the Defendants committed a long list of state law violations, such as slander, fraud, kidnapping, and defamation, as well as constitutional violations. (Doc. 1 at 9, ¶ 23). To the extent any state law claims were dismissed without prejudice in his prior action and are not barred by the doctrine of res judicata, those claims are also subject to dismissal under 28 U.S.C. § 1915 and Fed. R. Civ. P. 12(b)(6). Sweat does not make any separate factual allegations that would support any state claims. His mere eonelusory listing of those causes of action is not sufficient to state any claim for relief. Dunn, 880 F.2d at 1190. IT IS ORDERED that Plaintiff Sweat’s Motion to Amend Complaint (Doc. 20), Motion for Default Judgment (Doc. 26), and Motion for Appointment of Counsel (Doc. 43) are DENIED; IT IS FURTHER ORDERED that Defendant Zack Sigmon’s Motion to Strike Plaintiffs Reply to Reply in Support of Defendant Sigmon’s Motion to Dismiss (Doe. 49) is DENIED as moot; and . LAST, IT IS ORDERED that the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) filed by Defendant Zack Sigmon (Doc. 22) and Defendants Michael Rick-ards’ and Jeffrey Ferguson’s defenses of failure to state a claim and claim preclusion (Doc. 18) are GRANTED and the 1983 Prisoner Civil Rights Complaint filed by Plaintiff Airee B. Sweat III (“Complaint”) (Doc, 1) is DISMISSED with prejudice. /s/,- MARTHA VÁZQUEZ UNITED STATES DISTRICT JUDGE